# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:24-rj-00006

TRUSTEES OF THE NATIONAL ELEVATOR INDUSTRY PENSION FUND,

Plaintiff/Judgment Creditor,

v.

PEAK ELEVATOR LLC and RANDY MCGINNIS,

Defendants/Judgment Debtors.

## MOTION TO DEPOSIT FUNDS INTO COURT REGISTRY

Garnishees Public Service Company of Colorado and Southwest Public Service Company, through their attorneys, Franz Hardy and Abigail Kregor of Gordon Rees Scully Mansukhani, LLP, file this Motion to Deposit Funds into the Court Registry pursuant to Fed. R. Civ. P. 69(a)(1) and Colo. R. Civ. P. 103 § 11.

1. Pursuant to D.C.Colo.L.Civ.R 7.1(a), counsel for Garnishees has conferred with Judgment Creditor's counsel regarding this Motion. Judgment Creditor objects to the relief requested herein as it believes it is entitled to the funds at issue.

2. Judgment Creditor Trustees of the National Elevator Industry Pension Fund ("National Elevator") served a Writ of Garnishment on Garnishees on or about January 7, 2025. In turn, Garnishees filed their original Answer to the Writ on January 16, 2025. National Elevator filed a Verified Traverse of the Answer on February 6, 2025. Garnishees filed an Amended Answer to the Writ on March 7, 2025.

3. The Amended Answer confirms that Garnishees have possessed and continue to possess $7,087.12 in funds owed to the Judgment Debtor Peak Elevator, LLC. The Amended

Answer also states that Garnishees received notice from another creditor, Cedar Advance, LLC, claiming entitlement to any funds Garnishees owe to Peak Elevator. The notice was provided by Jeffrey Parrella, Esq., Managing Attorney, AWN&R Commercial Law Group, PLLC, 14 Wall Street, 20th Floor, New York, New York 10005, (718) 233-2916.

4. Garnishees have previously made both National Elevator and Cedar Advance aware of each other's claims. Neither has agreed that the other's claim has priority to the funds possessed by Garnishees. Given this, Garnishees seek to deposit the $7,087.12 in their possession into this Court's registry so that these creditors can assert any claim and priority to these funds. Garnishees seek to avoid any potential double liability for this amount. Garnishees are further aware that there are other UCC-1 Financing Statements filed with the Colorado Secretary of State that may assert a security interest in Peak Elevator's accounts.

5. Pursuant to Fed. R. Civ. P. 69(a)(1), "the procedure on execution [of judgment]—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies."

6. Accordingly, under Colo. R. Civ. P. 103 § 11(a), "a garnishee with notice of the claim of a third person in any property of any description of a judgment debtor or defendant in attachment which is the subject of any answer made by the garnishee in response to any form of writ provided for by this rule shall not be required to defend on account of such claim, but shall state in such answer that the garnishing is informed of such claim of a third person." "When such an answer has been filed, the clerk of the court, upon application, shall issue a summons requiring such third person to appear within the time specified in C.R.C.P. 12 to answer, set up, and assert a claim or be barred thereafter."

7. "If the answer states that the garnishee is informed of a claim of a third person, the garnishee may at any time pay to the clerk of the court any garnished amount payable at the time of the service of any writ provided for by this rule[.]" Colo. R. Civ. P. 103 § 11(c)(1). "Upon service of the summons upon such third person pursuant to C.R.C.P. 4, the garnishee shall thereupon be released and discharged of any liability to any person on account of such indebtedness to the extent of any amount paid to the clerk of the court[.]" Colo. R. Civ. P. 103 § 11(c)(2).

Wherefore, Garnishees Public Service Company of Colorado and Southwest Public Service Company request that this Court grant their Motion to Deposit Funds into its Registry and permit them to tender $7,087.12 into the registry as full satisfaction of the amount in their possession in response to the Writ of Garnishment. They also request that the clerk issue a summons to Cedar Advance, LLC requiring it to appear, respond, and defend its claim. They further request an order releasing and discharging them of any liability to any person, including National Elevator and Cedar Advance, based on the amount deposited with this Court. They additionally request any other relief this Court deems proper.

DATED this the 7th day of March, 2025.

          Respectfully submitted,

          */s/ Franz Hardy*
          Franz Hardy, Esq.
          GORDON REES SCULLY MANSUKHANI, LLP
          555 Seventeenth Street, Suite 3400
          Denver, Colorado 80202
          Telephone: (303) 534-5160
          fhardy@grsm.com
          *Attorney for Garnishees Public Service Company of Colorado, and Southwest Public Service Company*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the above and foregoing was electronically filed with the Clerk of the United States District Court using the CM/ECF system which will send notification to all counsel of record on this the 7th day of March, 2025.

Andrew Costa-Kelser, Esq.
O'DONOGHUE & O'DONOGHUE LLP
325 Chestnut Street, Suite 600
Philadelphia, PA 19106
akelser@odonoghuelaw.com
*Attorney for Plaintiff/Judgment Creditor*

/s/ Franz Hardy
Franz Hardy, Esq.
GORDON REES SCULLY MANSUKHANI, LLP
555 Seventeenth Street, Suite 3400
Denver, Colorado 80202
Telephone: (303) 534-5160
fhardy@grsm.com
*Attorney for Garnishees Xcel Energy, Inc., Public Service Company of Colorado, and Southwest Public Service Company*